**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ Western District of Texas _____

Case number (if known): _____  Chapter ___ 11 ___

☐ Check if this is an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | |
|---|---|
| **1. Debtor's name** | Bentoli, Inc. |

| | |
|---|---|
| **2. All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | Bentoli Agrinutrition, Inc. |

| | |
|---|---|
| **3. Debtor's federal Employer Identification Number (EIN)** | 6  5 – 0  4  6  5  4  9  3 |

**4. Debtor's address**

**Principal place of business**

116 Hoxie St
Number          Street

Coupland, TX 78615-5035
City                                State        ZIP Code

Williamson
County

**Mailing address, if different from principal place of business**

Number          Street

City                                State        ZIP Code

**Location of principal assets, if different from principal place of business**

Number          Street

City                                State        ZIP Code

| | |
|---|---|
| **5. Debtor's website (URL)** | bentoli.com |

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor ___Bentoli, Inc._____     Case number (if known) _____
         Name

| | |
|---|---|
| **7. Describe debtor's business** | **A.** *Check one:* |
| | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | ☐ Railroad (as defined in 11 U.S.C. §101(44)) |
| | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | ☐ Clearing Bank (as defined in 11 U.S.C. §781(3)) |
| | ☑ None of the above |

**B.** *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

**C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
   _4_ _9_ _2_ _9_

| | |
|---|---|
| **8. Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |
| | ☐ Chapter 7 |
| A debtor who is a "small business debtor" must check the first subbox. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box | ☐ Chapter 9 |
| | ☑ Chapter 11. *Check all that apply:* |
| | ☑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | ☑ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | ☑ A plan is being filed with this petition. |
| | ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| | ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. |
| | ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | ☐ Chapter 12 |

| | |
|---|---|
| **9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** | ☑ No |
| | ☐ Yes.  District _____  When _____  Case number _____ |
| If more than 2 cases, attach a separate list. | MM / DD / YYYY |
| | District _____  When _____  Case number _____ |
| | MM / DD / YYYY |

| | |
|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ☑ No |
| | ☐ Yes.  Debtor _____  Relationship _____ |
| List all cases. If more than 1, attach a separate list. | District _____  When _____ |
| | MM / DD / YYYY |
| | Case number, if known _____ |

Debtor    Bentoli, Inc.
<br>Name      Case number *(if known)* _____

| | |
|---|---|
| **11. Why is the case filed in *this district*?** | *Check all that apply:*<br>☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br>☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| **12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☑ No<br>☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br><br>**Why does the property need immediate attention?** *(Check all that apply.)*<br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>    What is the hazard? _____<br>☐ It needs to be physically secured or protected from the weather.<br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br>☐ Other _____<br><br>**Where is the property?** _____<br>    Number     Street<br><br>_____<br>    City     State     ZIP Code<br><br>**Is the property insured?**<br>☐ No<br>☐ Yes.   Insurance agency _____<br>        Contact name _____<br>        Phone _____ |

## Statistical and administrative information

| | |
|---|---|
| **13. Debtor's estimation of available funds?** | *Check one:*<br>☑ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |
| **14. Estimated number of creditors** | ☑ 1-49   ☐ 50-99     ☐ 1,000-5,000   ☐ 5,001-10,000     ☐ 25,001-50,000   ☐ 50,000-100,000<br>☐ 100-199   ☐ 200-999     ☐ 10,001-25,000     ☐ More than 100,000 |
| **15. Estimated assets** | ☐ $0-$50,000     ☐ $1,000,001-$10 million     ☐ $500,000,001-$1 billion<br>☐ $50,001-$100,000     ☐ $10,000,001-$50 million     ☐ $1,000,000,001-$10 billion<br>☐ $100,001-$500,000     ☐ $50,000,001-$100 million     ☐ $10,000,000,001-$50 billion<br>☑ $500,001-$1 million     ☐ $100,000,001-$500 million     ☐ More than $50 billion |

Debtor   Bentoli, Inc.
         Name

Case number *(if known)*

---

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☑ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

---

## Request for Relief, Declaration, and Signatures

**WARNING --**   Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- ■ I have been authorized to file this petition on behalf of the debtor.
- ■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   10/01/2023
              MM/  DD/  YYYY

X   /s/ John Robinson
    Signature of authorized representative of debtor

                                        John Robinson
                                        Printed name

Title   CEO

**18. Signature of attorney**

X   /s/ Ronald Smeberg                          Date   10/01/2023
    Signature of attorney for debtor                    MM/  DD/  YYYY

Ronald Smeberg
Printed name

The Smeberg Law Firm
Firm name

4 Imperial Oaks
Number        Street

San Antonio                    TX         78248-1609
City                           State      ZIP Code

(210) 695-6684                 ron@smeberg.com
Contact phone                  Email address

24033967                       TX
Bar number                     State

---

_____

**Bentoli, Incorporated**

_____

**Unanimous Written Consent of the Board of Directors**

_____

Pursuant to the provisions of the Florida Business Corporation Act and Bylaws (the "*Bylaws*") of Bentoli, Inc., a Florida Corporation, (the "*Corporation*"), on this 29th day of September 2023; the undersigned, being all of the members of the Board of Directors of the Corporation (the "*Board*"), do hereby waive any formal notice of a meeting and unanimously consent that when the undersigned have executed this consent or a counterpart hereof, the resolutions set forth below (collectively, the "*Resolutions*") shall be deemed to have been adopted to the same extent, and to have the same force and effect, as if adopted at a formal meeting of the Board, duly called and held for the purpose of acting upon proposals to adopt such resolutions pursuant to the second paragraph of Section 4 of Article II of the Bylaws:

**ARTICLE I.**
**Recitals**

**Commencement of Subchapter V Bankruptcy Case**

WHEREAS, the Board has determined that it is in the best interests of the Corporation and its shareholders to authorize and empower management of the Corporation to file a Chapter 11 bankruptcy proceeding on behalf of the Corporation; and

WHEREAS, the Board desires to authorize the Corporation's Interim CEO, John Robinson ("*J. Robinson*"), to retain all necessary professionals and to execute all documents reasonable and necessary in his business judgment to place the Corporation in a Sub-Chapter V bankruptcy (the "*Bankruptcy Case*") with the United States Bankruptcy Court for the Western District of Texas, Austin Division (the "*Bankruptcy Court"),* to fulfill all the Corporation's obligations under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*"), to pursue and defend all of the Corporation's interests during and related to the Bankruptcy Case, to obtain plan confirmation, and to prosecute litigation on behalf of the Corporation; and

**Secured Loan**

WHEREAS, the Board previously approved (i) entering into a loan from William A. Robinson, Sr. ("*Robinson Sr.*" or the "*Original Lender*") in the original maximum principal amount of up to $200,000 (as subsequently increased to $250,000) (the "*Loan*"), and (ii) pledging certain collateral to secure such loan, as evidenced by, among other things, a UCC filing and a deposit account control agreement (collectively, the "*Collateral*"); and

WHEREAS, the proceeds of the Loan are to be used to fund certain expenses by and on behalf of the Corporation and also to reimburse the Original Lender for certain fees, costs and expenses pursuant to the terms of the Loan; and

WHEREAS, the Original Lender assigned all of its interest in the Loan to Liminality Ventures LLC, a Texas limited liability company (the "*New Lender*"), an entity owned and controlled by J. Robinson, and the New Lender (a) agreed to increase the availability under the Loan to $400,000 (the "*Amended Loan*"), and (b) required that (i) the Corporation pledge to New Lender a security interest in the Corporation's registered trademarks and (ii) Robinson, Sr. pledge his shares in the Corporation as additional security for the Amended Loan (collectively, and along with the Collateral, the "*Collateral Package*"); and

WHEREAS, the New Lender has (x) consented to the use of its "cash collateral" (as defined in the Bankruptcy Code) in the Bankruptcy Case, and (y) agreed to provide post-petition financing in connection with the Bankruptcy Case (the "*DIP Loan*") to enable the Corporation to successfully reorganize, as summarized in the DIP Term Sheet attached hereto as Exhibit A (as it may be amended or modified consistent with the authority set forth herein, the "*DIP Term Sheet*"); and

2

WHEREAS, the terms and provisions of the DIP Term Sheet are intended to be set forth in appropriate filings with the Bankruptcy Court (the "***DIP Pleadings***") and, to the extent of any inconsistency between the DIP Term Sheet and the DIP Pleadings, the DIP Pleadings shall control; and

**The Plan**

WHEREAS, the Corporation has developed a plan of reorganization for the Bankruptcy Case (the "***Plan***") in consultation with its advisors; and

WHEREAS, the summary of the salient terms of the Plan are set forth in the Plan Term Sheet attached hereto as Exhibit B (the "***Plan Term Sheet***") pursuant to which, among other things, the Corporation will seek confirmation of the Plan (as it may be amended or modified consistent with the authority set forth herein); and

WHEREAS, a feature of the Plan is that the New Lender may elect to convert a portion of the DIP Loan and/or the Amended Loan into up to one hundred percent of the equity of the Corporation pursuant to the terms and conditions of the Plan (the "***Equity Conversion Feature***"); and

**Advisory Firms**

WHEREAS, the Corporation retained the law firm of Berger Singerman LLP to serve as Florida-based counsel to advise the Corporation in connection with various corporate governance matters and to advise the Corporation in connection with the Loan, the Amended Loan, the Collateral and the Collateral Package, so that the Corporation would and will receive independent counsel in connection with related party transactions; and

WHEREAS, Robinson Sr. has at all times been represented by Holland & Knight, LLP ("***H&K***") in connection with his interests, including with respect to the Corporation and the Original Loan; and

WHEREAS, H&K represented the Corporation in connection with certain litigation in Travis County, Texas commenced by Alex Palencia and consulted with the Corporation regarding various matters unrelated to the Bankruptcy Case (the "***Prior Matters***"); and

WHEREAS, H&K will continue to represent Robinson Sr. on various matters and J. Robinson solely in his capacity as the New Lender and is hereby immediately withdrawing from the Prior Matters as set forth in an amended engagement letter pursuant to which the Corporation will expressly waive any conflicts of interest;

NOW, THEREFORE, the Board resolves as follows:

## ARTICLE II.
### Resolutions

1. RESOLVED, that J. Robinson be and hereby is authorized to retain all necessary professionals and execute all documents reasonable and necessary in his business judgement to:

   a. commence the Bankruptcy Case in the Bankruptcy Court on behalf of the Corporation;
   b. fulfill all of the Corporation's obligations in the Bankruptcy Case;
   c. pursue and defend all of the Corporation's interests during and related to the Bankruptcy Case;

    d.   obtain confirmation of the Plan; and

    e.   Prosecute and defend all litigation on behalf of the Corporation in any jurisdiction including, but not limited to those arising under the Bankruptcy Code; and it is further

2. RESOLVED, that J. Robinson be and hereby is authorized on behalf of the Corporation to retain the Smeberg Law Firm, PLLC to take all actions in the Chapter 11 bankruptcy it deems reasonable and necessary to protect the Corporation's interests in accordance with the retainer agreement executed for that purpose and as directed by the Corporation's CEO; and it is further

3. RESOLVED, that J. Robinson be and hereby is authorized to retain and employ (i) BDF Law Group as special litigation counsel and in connection with the state court suit brought by Palencia; (ii) HMP Advisory Holdings, LLC, d/b/a Harney Partners, as financial advisors; and (iii) other professionals as needed, in addition to the Smeberg Law Firm, PLLC as general bankruptcy counsel (collectively, the "***Restructuring Professionals***"); and in connection with the retention of the Restructuring Professionals, authorizes and directs J. Robinson to execute retention agreements, pay retainers, prior to, immediately upon and after the filing of the Bankruptcy Case, and to cause to be filed an application for authority to retain the services of the Restructuring Professionals; and it is further

4. RESOLVED that J. Robinson (the "***Authorized Person***") be, and hereby is, authorized, empowered and directed for and on behalf of the Corporation, to execute and deliver on behalf of the Corporation such other documents, to take, or cause to be taken, such further action for and on behalf of the Corporation as such Authorized Person shall deem necessary or appropriate to enable the Corporation to perform its obligations and exercise its rights under Chapter 11 and otherwise to carry out the intent and purpose of the foregoing resolutions and the transactions contemplated thereby; and it is further

5. RESOLVED, that any and all actions heretofore taken, and any and all things theretofore done, by J. Robinson or other representatives of the Corporation in connection with, or with respect to, the matters referred to in the foregoing resolutions be, and they hereby are, confirmed, ratified and approved as authorized and valid acts taken on behalf of the Corporation; and it is further

6. RESOLVED, that J. Robinson be and hereby is authorized to direct the Restructuring Professionals to draft and file a Plan that is consistent with the Plan Term Sheet and the DIP Term Sheet, which are attached hereto as **Exhibit A** and **Exhibit B**, respectively; and it is further

7. RESOLVED, that J. Robinson be and hereby is authorized to modify any debtor-in-possession loan or the plan of reorganization of the Corporation, provided that the economic substance thereof is not materially modified without further authority of the Board; and it is further

8. RESOLVED, that the Board hereby expressly waives any and all actual or potential conflicts of interest in connection with any and all actions by (a) Robinson Sr. in his capacities as (i) majority shareholder of the Corporation, (ii) member of the Board, (iii) unsecured creditor of the Corporation, and (iv) Lender, or otherwise, and (b) J. Robinson in his capacities as (1) Interim CEO, (2) serving as an agent on behalf of Robinson Sr., (3) principal of the New Lender, (4) the Authorized Person, (5) providing the DIP Loan, (6) creditor of the Corporation (in his own capacity and on behalf of any entities that he owns or controls), and (7) taking the actions necessary to implement the Plan, or otherwise.  The Board acknowledges and confirms full disclosure of all relevant facts by Robinson Sr, and J. Robinson, and that all actions taken by such individuals have benefitted the Corporation and its shareholders; and it is further

9. RESOLVED, that these resolutions and actions shall be the actions of the Board of Directors of the Corporation, and the Secretary or any Assistant Secretary of the Corporation is hereby directed to place this Written Consent of the Board of Directors with the records of the proceedings of the Board of Directors of the Corporation; and it is further

10. RESOLVED, that this Written Consent may be signed in counterparts, each of which shall be deemed an original, which taken together shall constitute one and the same instrument.

**IN WITNESS WHEREOF**, the Board of Directors of Bentoli, Incorporated have executed this Written Consent the  29th  day of September, 2023.

Board of Directors

BY: _William A. Robinson, Sr._
DocuSigned by:
0736D45CD7FF4DE...
*William A. Robinson, Sr., Director*

BY: _William A. Robinson, Jr._
DocuSigned by:
92239561C85C4FA...
*William A. Robinson, Jr., Director*

Fill in this information to identify the case:

Debtor name _____ Bentoli, Inc. _____

United States Bankruptcy Court for the:
_____ Western District of Texas _____

Case number (if known): _____

☐ Check if this is an
amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

**12/15**

**A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an _insider_, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Alexander Palencia 8950 Sw 75th St # 1605 Miami, FL 33173-3439 | | Litigation | Contingent Disputed Unliquidated | | | $750,000.00 |
| 2 | Frank A. Maresma 6750 Sw 73rd Ct Miami, FL 33143-2923 | | Litigation | Contingent Disputed Unliquidated | | | $665,000.00 |
| 3 | | | | | | | |
| 4 | | | | | | | |
| 5 | | | | | | | |
| 6 | | | | | | | |
| 7 | | | | | | | |
| 8 | | | | | | | |

Debtor    Bentoli, Inc.
          Name                                                          Case number (if known)

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | | | | | | |
| 10 | | | | | | |
| 11 | | | | | | |
| 12 | | | | | | |
| 13 | | | | | | |
| 14 | | | | | | |
| 15 | | | | | | |
| 16 | | | | | | |
| 17 | | | | | | |
| 18 | | | | | | |
| 19 | | | | | | |
| 20 | | | | | | |

**Fill in this information to identify the case:**

Debtor Name __Bentoli, Inc.__

United States Bankruptcy Court for the: __Western__ District of __Texas__
(State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 206A/B

# Schedule A/B: Assets — Real and Personal Property
12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---|---|

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No. Go to Part 2.
   ☑ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

2. **Cash on hand**

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|---|
| 3.1. | Seacoast National Bank | Checking account | 1 7 7 9 | $211.95 |
| 3.2. | Independent Bank | Checking account | 9 9 6 5 | $4,482.47 |

4. **Other cash equivalents** *(Identify all)*

   4.1 _____
   4.2 _____

5. **Total of Part 1**

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.      $4,694.42

| Part 2: | Deposits and prepayments |
|---|---|

6. **Does the debtor have any deposits or prepayments?**

   ☐ No. Go to Part 3.
   ☑ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

7. **Deposits, including security deposits and utility deposits**

   Description, including name of holder of deposit

| | | |
|---|---|---|
| 7.1 | 116 Hoxie LLC | $9,147.00 |

Debtor    **Bentoli, Inc.**                               Case number *(if known)* _____
        Name

---

**8.**    **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

| | | |
|---|---|---|
| 8.1 | **OSPREY Biotech** | **$1,882.91** |
| 8.2 | **Harney Partners (retainer funds as of September 29, 2023)** | **$9,550.00** |
| 8.3 | **BDFTE, LLP (retainer funds as of September 29, 2023)** | **$5,640.00** |
| 8.4 | **Smeberg Law Firm, PLLC (retainer funds as of September 29, 2023)** | **$8,690.00** |

**9.**    **Total of Part 2**

Add lines 7 through 8. Copy the total to line 81.                  **$34,909.91**

---

**Part 3:**    Accounts receivable

**10.**    **Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.
☑ Yes. Fill in the information below.

                                                   **Current value of debtor's interest**

**11.**    **Accounts receivable**

| 11a. 90 days old or less: | **$540,004.77** | - | **$35,507.34** | =..... ➡ | **$504,497.43** |
|---|---|---|---|---|---|
| | face amount | | doubtful or uncollectible accounts | | |
| 11b. Over 90 days old: | **$340,340.41** | - | **$340,340.41** | =..... ➡ | **$0.00** |
| | face amount | | doubtful or uncollectible accounts | | |

**12.**    **Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.        **$504,497.43**

---

**Part 4:**    Investments

**13.**    **Does the debtor own any investments?**

☑ No. Go to Part 5.
☐ Yes. Fill in the information below.

| | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|

**14.**    **Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

| | | |
|---|---|---|
| 14.1 | | |
| 14.2 | | |

**15.**    **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:                            % of ownership:

| | | | |
|---|---|---|---|
| 15.1 | | | |
| 15.2 | | | |

---

Debtor    **Bentoli, Inc.**                                                    Case number *(if known)* _____
      Name

---

**16.** **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

16.1 _____     _____     _____

16.2 _____     _____     _____

**17.** **Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.     _____

| Part 5: | Inventory, excluding agriculture assets |
|---|---|

**18.** **Does the debtor own any inventory (excluding agriculture assets)?**

☐ No. Go to Part 6.
☑ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19.** **Raw materials** | | | | |
| Input ingredients and packaging | **06/30/2023** MM / DD / YYYY | **$77,740.00** | **Landed Cost Basis** | **$77,740.00** |
| **20.** **Work in progress** | MM / DD / YYYY | | | |
| **21.** **Finished goods, including goods held for resale** | | | | |
| Livestock feed and supplements available for sale to customers | **06/30/2023** MM / DD / YYYY | **$75,430.00** | **Raw Material, Freight, Labor** | **$75,430.00** |
| **22.** **Other inventory or supplies** | MM / DD / YYYY | | | |

**23.** **Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.     **$153,170.00**

**24.** **Is any of the property listed in Part 5 perishable?**

☑ No
☐ Yes

**25.** **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☑ No
☐ Yes.  Book value _____  Valuation method _____  Current value _____

**26.** **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☑ No
☐ Yes

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---|---|

Debtor  __Bentoli, Inc._____     Case number (if known) _____

Name

---

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest <br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | _____ | _____ | _____ |
| **29. Farm animals** *Examples:* Livestock, poultry, farm-raised fish | _____ | _____ | _____ |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | _____ | _____ | _____ |
| **31. Farm and fishing supplies, chemicals, and feed** | _____ | _____ | _____ |
| **32. Other farming and fishing-related property not already listed in Part 6** | _____ | _____ | _____ |

33. **Total of Part 6**

Add lines 28 through 32. Copy the total to line 85.          _____

34. **Is the debtor a member of an agricultural cooperative?**

☑ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

☐ No

☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☑ No

☐ Yes.  Book value _____  Valuation method _____  Current value _____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

☑ No

☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☑ No

☐ Yes

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
|---|---|

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No. Go to Part 8.

☑ Yes. Fill in the information below.

---

Debtor    __Bentoli, Inc._____     Case number *(if known)* _____
          Name

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39. Office furniture** | | | |
| 6 desks and chairs, 10 filing cabinets, 2 printers, 1 water dispenser, 3 desktop computers, 3 laptop computers, 1 reception sofa and chair, 1 coffee room table, 5 chairs | unknown | | $2,000.00 |
| **40. Office fixtures** | | | |
| | | | |
| **41. Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| Lab equipment | unknown | Cost | $13,792.00 |
| Warehouse equipment | unknown | Cost | $7,090.00 |
| **42. Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 | | | |
| 42.2 | | | |
| 42.3 | | | |
| **43. Total of Part 7** Add lines 39 through 42. Copy the total to line 86. | | | $22,882.00 |

**44. Is a depreciation schedule available for any of the property listed in Part 7?**

☑ No

☐ Yes

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☑ No

☐ Yes

| Part 8: | Machinery, equipment, and vehicles |
|---|---|

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☐ No. Go to Part 9.

☑ Yes. Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1 2016 Volkswagen Golf | $3,500.00 | Kelly Blue Book | $3,500.00 |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |

Debtor     **Bentoli, Inc.**            Case number *(if known)* _____
      Name

| | | | |
|---|---|---|---|
| 48.1 _____ | _____ | _____ | _____ |
| 48.2 _____ | _____ | _____ | _____ |

**49.**    **Aircraft and accessories**

| | | | |
|---|---|---|---|
| 49.1 _____ | _____ | _____ | _____ |
| 49.2 _____ | _____ | _____ | _____ |

**50.**    **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

_____    _____    _____    _____

**51.**    **Total of Part 8**

Add lines 47 through 50. Copy the total to line 87.

                                                    **$3,500.00**

**52.**    **Is a depreciation schedule available for any of the property listed in Part 8?**

☑ No

☐ Yes

**53.**    **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☑ No

☐ Yes

**Part 9:**    Real property

**54.**    **Does the debtor own or lease any real property?**

☐ No. Go to Part 10.

☑ Yes. Fill in the information below.

**55.**    **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 **Commercial lease at 116 Hoxie Street / 116 Hoxie St Coupland, TX 78615-5035** | Lease | unknown | | unknown |

**56.**    **Total of Part 9**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

**57.**    **Is a depreciation schedule available for any of the property listed in Part 9?**

☑ No

☐ Yes

**58.**    **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☑ No

☐ Yes

**Part 10:**    Intangibles and intellectual property

Debtor    __Bentoli, Inc._____    Case number *(if known)* _____
                   Name

---

**59.** **Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.
☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60.** **Patents, copyrights, trademarks, and trade secrets** | | | |
| See list of registered trademarks | unknown | | unknown |
| **61.** **Internet domain names and websites** | | | |
| bentoli.com | unknown | | unknown |
| **62.** **Licenses, franchises, and royalties** | | | |
| License agreements with Thailand and India affiliates | unknown | | unknown |
| **63.** **Customer lists, mailing lists, or other compilations** | | | |
| | | | |
| **64.** **Other intangibles, or intellectual property** | | | |
| Product formulations | unknown | | unknown |
| **65.** **Goodwill** | | | |
| | | | |

**66.** **Total of Part 10**

Add lines 60 through 65. Copy the total to line 89.

| |
|---|
| _____ |

**67.** **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**

☑ No
☐ Yes

**68.** **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☑ No
☐ Yes

**69.** **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No
☐ Yes

| Part 11: | All other assets |
|---|---|

**70.** **Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.
☑ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

---

Debtor      __Bentoli, Inc._____      Case number *(if known)* _____
                    Name

---

71.  **Notes receivable**

Description (include name of obligor)

_____    _____  –  _____  = ➡    _____
                                                    Total face amount       doubtful or uncollectible amount

72.  **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

__Net Operation Loss of $496,732_____    Tax year   __2021__          __unknown__

__$1,335,415 Capital Loss Carry Forward_____    Tax year   __2021__          __unknown__

__Section 1231 Available for Recapture $288,953____    Tax year   __2021__          __unknown__

__NOL/Capital Loss Carry Forward/Recapture_____    Tax year   __2022__          __unknown__

73.  **Interests in insurance policies or annuities**

_____          _____

74.  **Causes of action against third parties (whether or not a lawsuit has been filed)**

__Potential Claims against Frank Maresma and Sana Care, including but not limited to, fraudulent transfer, usury, preference, self dealing, theft, fraud, unjust enrichment, and breach of fiduciary duty.__          __unknown__

**Nature of claim**      _____

**Amount requested**          __unknown__

__Potential Claims against Alexander Palencia, and Divendi Americas, Inc., including but not limited to, fraudulent transfer, usury, preference, self dealing, theft, fraud, unjust enrichment, and breach of fiduciary duty.__          __unknown__

**Nature of claim**      _____

**Amount requested**          __unknown__

75.  **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

_____          _____

**Nature of claim**      _____

**Amount requested**      _____

76.  **Trusts, equitable or future interests in property**

_____          _____

77.  **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

_____          _____

_____          _____

78.  **Total of Part 11**

Add lines 71 through 77. Copy the total to line 90.          _____

---

Debtor   **Bentoli, Inc.**                                         Case number *(if known)* _____

     Name

---

79.   **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

    ☑ No

    ☐ Yes

**Part 12:**   Summary

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $4,694.42 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $34,909.91 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $504,497.43 | |
| 83. **Investments.** *Copy line 17, Part 4.* | | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $153,170.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $22,882.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $3,500.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*.......................................➜ | | unknown |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | unknown | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + unknown | |
| 91. **Total.** *Add lines 80 through 90 for each column*...........................91a. | $723,653.76 | + 91b. |
| 92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ............................................................................ | | $723,653.76 |

**Schedule A/B Part 10**

| Mark | Registration Number | Registration Date | Owner |
|------|---------------------|-------------------|-------|
| SEMALEX | 5289183 | 9/19/2017 | Bentoli, Inc. |
| FLAMOTIN | 5289182 | 9/19/2017 | Bentoli, Inc. |
| SACROCELL | 5289161 | 9/19/2017 | Bentoli, Inc. |
| AQUASAVOR | 5274619 | 8/29/2017 | Bentoli, Inc. |
| AMONEX | 5254648 | 8/1/2017 | Bentoli, Inc. |
| PEGAZYME | 5213186 | 5/30/2017 | Bentoli, Inc. |
| RUMICELL | 5199889 | 5/9/2017 | Bentoli, Inc. |
| KANIMAX | 5199839 | 5/9/2017 | Bentoli, Inc. |
| EFINOL | 5199755 | 5/9/2017 | Bentoli, Inc. |
| FIXAR | 3200943 | 1/23/2007 | Bentoli, Inc. |
| PROKURA | 3063176 | 2/28/2006 | Bentoli, Inc. |
| PEGABIND | 3073206 | 3/28/2006 | Bentoli, Inc. |
| BENTOLI | 3063038 | 2/28/2006 | Bentoli, Inc. |

Fill in this information to identify the case:

Debtor name ___Bentoli, Inc.___

United States Bankruptcy Court for the: ___Western___ District of ___Texas___
(State)

Case number (if known): _____

☐ Check if this is an
amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property   12/15

**Be as complete and accurate as possible.**

1. **Do any creditors have claims secured by debtor's property?**
   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ☑ Yes. Fill in all of the information below.

| Part 1: | List Creditors Who Have Secured Claims |
| --- | --- |

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | *Column A* **Amount of claim** Do not deduct the value of collateral. | *Column B* **Value of collateral that supports this claim** |
| --- | --- | --- |

**2.1** **Creditor's name**
Liminality Ventures, LLC

**Creditor's mailing address**
301 West Ave, Unit 4603
Austin, TX 78601

**Creditor's email address, if known**
_____

**Date debt was incurred** _____

**Last 4 digits of account number** __ __ __ __

**Do multiple creditors have an interest in the same property?**
☑ No
☐ Yes. Specify each creditor, including this creditor, and its relative priority.
_____
_____

**Describe debtor's property that is subject to a lien**
_____
_____
_____

**Describe the lien**
Claim is secured by all assets as set forth in various security agreements and per UCC-3 filing.

**Is the creditor an insider or related party?**
☐ No
☑ Yes

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

| | $322,160.65 | unknown |

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**   $483,468.65

Debtor    Bentoli, Inc.                       Case number (if known) _____
Name

| **Part 1:** Additional Page | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

**2.2** **Creditor's name**

U.S. Small Business Administration

**Describe debtor's property that is subject to a lien**

_____

_____

_____

| | Column A | Column B |
|---|---|---|
| | $161,308.00 | unknown |

**Creditor's mailing address**

409 3rd St, SW

Washington, DC 20416

**Creditor's email address, if known**

_____

**Date debt was incurred** _____

**Last 4 digits of account number** ___ ___ ___ ___

**Do multiple creditors have an interest in the same property?**

☑ No

☐ Yes. Have you already specified the relative priority?

     ☐ No. Specify each creditor, including this creditor, and its relative priority.

        _____

        _____

     ☐ Yes. The relative priority of creditors is specified on lines _____

**Describe the lien**

Claim is secured by all personal tangible and intangible property per UCC-1 filings.

**Is the creditor an insider or related party?**

☑ No

☐ Yes

**Is anyone else liable on this claim?**

☐ No

☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**

Check all that apply.

☐ Contingent

☐ Unliquidated

☐ Disputed

Fill in this information to identify the case:

Debtor name _____ Bentoli, Inc. _____

United States Bankruptcy Court for the: _____

Western District of Texas _____

Case number (if known): _____

☐ Check if this is an
amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

**12/15**

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

## Part 1:  List All Creditors with PRIORITY Unsecured Claims

**1.** **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507)

☐ No. Go to Part 2.

☑ Yes. Go to line 2.

**2.** **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | Total claim | Priority amount |
|---|---|---|

**2.1** **Priority creditor's name and mailing address**

INTERNAL REVENUE SERVICE

Special Procedures - Insolvency

P.O. BOX 21126

PHILADELPHIA, PA 19114

**Date or dates debt was incurred**

_____

**Last 4 digits of account number** ___ ___ ___ ___

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a)

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the Claim:**

_____

**Is the claim subject to offset?**

☑ No
☐ Yes

Total claim: **unknown**    Priority amount: **unknown**

**2.2** **Priority creditor's name and mailing address**

Texas Comptroller of Public Account

Attn: Bankruptcy

Po Box 149359

Austin, TX 78714-9359

**Date or dates debt was incurred**

_____

**Last 4 digits of account number** ___ ___ ___ ___

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ___

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the Claim:**

_____

**Is the claim subject to offset?**

☑ No
☐ Yes

Total claim: **unknown**    Priority amount: **unknown**

| Debtor | **Bentoli, Inc.** | Case number *(if known)* _____ |
|---|---|---|
| | Name | |

## Part 2: List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  | **Amount of claim** |

**3.1**
Nonpriority creditor's name and mailing address

Alexander Palencia

8950 Sw 75th St # 1605

Miami, FL 33173-3439

Date or dates debt was incurred   2/22/2022

Last 4 digits of account number   ___ ___ ___ ___

As of the petition filing date, the claim is:
*Check all that apply.*
- [x] Contingent
- [x] Unliquidated
- [x] Disputed

Basis for the claim:  Litigation

Is the claim subject to offset?
- [ ] No
- [x] Yes

$750,000.00

**3.2**
Nonpriority creditor's name and mailing address

Edward Steve Robinson

39/536 Sunshine, Soi Nichada

Thani, Pakkret Dst, Nonthaburri,

Thailand 11120,

Date or dates debt was incurred   _____

Last 4 digits of account number   ___ ___ ___ ___

As of the petition filing date, the claim is:
*Check all that apply.*
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

Basis for the claim: _____

Is the claim subject to offset?
- [x] No
- [ ] Yes

$703.00

**3.3**
Nonpriority creditor's name and mailing address

Frank A. Maresma

6750 Sw 73rd Ct

Miami, FL 33143-2923

Date or dates debt was incurred   _____

Last 4 digits of account number   ___ ___ ___ ___

As of the petition filing date, the claim is:
*Check all that apply.*
- [x] Contingent
- [x] Unliquidated
- [x] Disputed

Basis for the claim:  Litigation

Is the claim subject to offset?
- [ ] No
- [x] Yes

$665,000.00

**3.4**
Nonpriority creditor's name and mailing address

John C. Robinson

301 West Ave Unit 4603

Austin, TX 78701-4761

Date or dates debt was incurred   _____

Last 4 digits of account number   ___ ___ ___ ___

As of the petition filing date, the claim is:
*Check all that apply.*
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

Basis for the claim:  Share purchase agreement

Is the claim subject to offset?
- [x] No
- [ ] Yes

$353,409.00

| Debtor | **Bentoli, Inc.** | Case number *(if known)* _____ |
|---|---|---|
| | Name | |

<table>
<tr><td style="background:black;color:white">Part 2:</td><td>Additional Page</td></tr>
</table>

| **3.5** | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | **$45,200.00** |
|---|---|---|---|

**William A. Robinson, Jr.**

**168 Ridgewood Dr**

**Brewster, MA 02631-1044**

*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**  Shareholder Loan

Date or dates debt was incurred  _____

Last 4 digits of account number  __ __ __ __

**Is the claim subject to offset?**
☑ No
☐ Yes

---

| **3.6** | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | **$12,341.90** |
|---|---|---|---|

**William A. Robinson, Sr.**

**Calle Don Ramon de la Cruz 71**

**Madrid, Spain 28001,**

*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**  Shareholder Loan

Date or dates debt was incurred  _____

Last 4 digits of account number  __ __ __ __

**Is the claim subject to offset?**
☑ No
☐ Yes

Debtor  __Bentoli, Inc._____     Case number *(if known)* _____
           Name

**5.  Add the amounts of priority and nonpriority unsecured claims.**

|  |  | Total of claim amounts |
|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | $0.00 |
| 5b. **Total claims from Part 2** | 5b. **+** | $1,826,653.90 |
| 5c. **Total of Parts 1 and 2** <br> Lines 5a + 5b = 5c. | 5c. | $1,826,653.90 |

Fill in this information to identify the case:

Debtor name _____Bentoli, Inc._____

United States Bankruptcy Court for the:
_____Western District of Texas_____

Case number (if known): _____  Chapter ___11___

☐ Check if this is an amended filing

## Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases

**12/15**

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

1. Does the debtor have any executory contracts or unexpired leases?

   ☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

   ☑ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| **2.1** | State what the contract or lease is for and the nature of the debtor's interest | Office space<br>Contract to be REJECTED | 116 Hoxie, LLC<br>116 Hoxie St<br>Coupland, TX 78615-5035 |
| | State the term remaining | 25 months | |
| | List the contract number of any government contract | | |
| **2.2** | State what the contract or lease is for and the nature of the debtor's interest | Inventory software subscription | Fishbowl Inventory<br>508 Technology Ave Bldg C<br>Orem, UT 84097-6210 |
| | State the term remaining | 0 months | |
| | List the contract number of any government contract | | |
| **2.3** | State what the contract or lease is for and the nature of the debtor's interest | Financial software subscription | Intuit<br>2632 Marine Way<br>Mountain View, CA 94043-1126 |
| | State the term remaining | 0 months | |
| | List the contract number of any government contract | | |
| **2.4** | State what the contract or lease is for and the nature of the debtor's interest | Voice Over IP services | AT&T<br>Po Box 5017<br>Carol Stream, IL 60197-5017 |
| | State the term remaining | 0 months | |
| | List the contract number of any government contract | | |

Debtor    Bentoli, Inc.                             Case number *(if known)* _____
Name

## Additional Page if Debtor Has More Executory Contracts or Unexpired Leases

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

| List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| **2.5** State what the contract or lease is for and the nature of the debtor's interest: CRM software<br>State the term remaining: 0 months<br>List the contract number of any government contract: | UpCurve Cloud<br>10801 National Blvd Ste 410<br>Los Angeles, CA 90064-4143 |
| **2.6** State what the contract or lease is for and the nature of the debtor's interest: Affiliate license agreement with Thailand affiliate<br>State the term remaining: 0 months<br>List the contract number of any government contract: | Bentoli Agrinutrition Co Ltd<br>333/52-53 Moo 6, Tambon Bangpla,Amphur Ba Samutprakarn 10540 THAILAND |
| **2.7** State what the contract or lease is for and the nature of the debtor's interest: Affiliate licensing agreements with India affiliate<br>State the term remaining: 0 months<br>List the contract number of any government contract: | Bentoli Agrinutrition India Pvt. Ltd<br>No: 3F2, 3rd Floor, Front Block, Metro Twr<br>#115 Poonamallee High Road<br>Chennai 600084, |
| **2.8** State what the contract or lease is for and the nature of the debtor's interest: Business management software<br>State the term remaining: 0 months<br>List the contract number of any government contract: | Quickbase<br>290 Congress St<br>Boston, MA 02210-1033 |
| **2.9** State what the contract or lease is for and the nature of the debtor's interest: CRM platform services<br>State the term remaining: 0 months<br>List the contract number of any government contract: | Hubspot<br>2 Canal Park<br>Cambridge, MA 02141-2231 |

Fill in this information to identify the case:

Debtor name   **Bentoli, Inc.**

United States Bankruptcy Court for the: _____ **Western** _____ District of _____ **Texas** _____
(State)

Case number (If known): _____

☐ Check if this is an
amended filing

## Official Form 206H

## Schedule H: Codebtors                                                                    12/15

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

1. **Does the debtor have any codebtors?**

   ☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

   ☑ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors,** *Schedules D-G.* **Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.**

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.1 | Edward Steve Robinson | 39/536 Sunshine Street | Alexander Palencia | ☐ D ☑ E/F ☐ G |
| | | Soi Nichada Thani, Samakee Road | | |
| | | Pakkret District, Nonthaburi, Thailand, 11120 | | |
| | | City          State          ZIP Code | | |
| 2.2 | Robinson Sr, William | Calle Don Ramon de la Cruz 71 Street | Alexander Palencia | ☐ D ☑ E/F ☐ G |
| | | | U.S. Small Business Administration | ☑ D ☐ E/F ☐ G |
| | | Madrid, Spain, NC 28001 | | |
| | | City          State          ZIP Code | | |
| 2.3 | William A. Robinson, Jr. | 168 Ridgewood Drive Street | Alexander Palencia | ☐ D ☑ E/F ☐ G |
| | | Brewster, MA 02613-1044 | | |
| | | City          State          ZIP Code | | |
| 2.4 | _____ | Street | _____ | ☐ D ☐ E/F ☐ G |
| | | City          State          ZIP Code | | |
| 2.5 | _____ | Street | _____ | ☐ D ☐ E/F ☐ G |
| | | City          State          ZIP Code | | |

Debtor    __Bentoli, Inc._____          Case number (if known) _____
          Name

## Additional Page if Debtor Has More Codebtors

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.6 | _____ | Street _____ <br> _____ <br> City    State    ZIP Code | _____ | ❏ D <br> ❏ E/F <br> ❏ G |

<table>
<tr><td colspan="2" style="background:black;color:white">Fill in this information to identify the case:</td></tr>
<tr><td>Debtor name</td><td>Bentoli, Inc.</td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the:<br>Western District of Texas</td></tr>
<tr><td colspan="2">Case number (if known): _____ Chapter ___11___</td></tr>
</table>

☐ Check if this is an amended filing

# Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

**12/15**

### Part 1: Summary of Assets

1. **Schedule A/B: Assets–Real and Personal Property** (Official Form 206A/B)

    1a. **Real Property:**
    Copy line 88 from *Schedule A/B*..............................................................................................

    | $0.00 |

    1b. **Total personal property:**
    Copy line 91A from *Schedule A/B*..........................................................................................

    | $723,653.76 |

    1c. **Total of all property:**
    Copy line 92 from *Schedule A/B*.............................................................................................

    | $723,653.76 |

### Part 2: Summary of Liabilities

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D*.................

    | $483,468.65 |

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of *Schedule E/F*......................................................

    | $0.00 |

    3b. **Total amount of claims of non-priority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*......................................................

    + | $1,826,653.90 |

4. **Total liabilities**...................................................................................................................
    Lines 2 + 3a + 3b

    | $2,310,122.55 |

<table>
<tr><td colspan="2">Fill in this information to identify the case:</td></tr>
<tr><td>Debtor name</td><td>Bentoli, Inc.</td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the:<br>Western District of Texas</td></tr>
<tr><td colspan="2">Case number (if known): _____</td></tr>
</table>

☐ Check if this is an
amended filing

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### ■ Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *A Summary of Assets and Liabilities for Non-Individuals* (Official Form 206A-Summary)

☐ *Amended Schedule* _____

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    10/01/2023
                MM/ DD/ YYYY

**X** /s/ John Robinson
Signature of individual signing on behalf of debtor

John Robinson
Printed name

CEO
Position or relationship to debtor

Fill in this information to identify the case:

Debtor name _____Bentoli, Inc._____

United States Bankruptcy Court for the:
_____Western District of Texas_____

Case number (if known): _____

☐ Check if this is an amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy   04/22

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

## Part 1:  Income

**1.   Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From 07/01/2023 to Filing date<br>MM/ DD/ YYYY | ☑ Operating a business<br>☐ Other _____ | $608,562.64 |
| **For prior year:** | From 07/01/2022 to 06/30/2023<br>MM/ DD/ YYYY    MM/ DD/ YYYY | ☑ Operating a business<br>☐ Other _____ | $4,365,018.62 |
| **For the year before that:** | From 07/01/2021 to 06/30/2022<br>MM/ DD/ YYYY    MM/ DD/ YYYY | ☑ Operating a business<br>☐ Other _____ | $5,787,245.90 |

**2.   Non-business revenue**

Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☐ None

| | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From 07/01/2022 to Filing date<br>MM/ DD/ YYYY | _____ | _____ |
| **For prior year:** | From 07/01/2021 to 06/30/2022<br>MM/ DD/ YYYY    MM/ DD/ YYYY | _____ | _____ |
| **For the year before that:** | From 07/01/2020 to 06/30/2021<br>MM/ DD/ YYYY    MM/ DD/ YYYY | PPP Loan Forgiveness | $139,912.50 |

Debtor  23-10827-smr  Doc#1  Filed 10/01/23  Entered 10/01/23 19:05:06  Main Document  Pg 35 of 65
Bentoli, Inc.
Name
Case number (if known)

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |

**3.    Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer Check all that apply |
|---|---|---|---|
| 3.1. See Attached<br>Creditor's name<br><br>Street<br><br><br>City          State     ZIP Code | _____ | _____ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other _____ |

**4.    Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or co-signed by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1. William A. Robinson Jr.<br>Creditor's name<br>168 Ridgewood Dr<br>Street<br><br>Brewster, MA 02631-1044<br>City          State     ZIP Code | _____ | $11,551.45 | |
| **Relationship to debtor**<br>Shareholder, Director, and Secretary | | | |
| 4.2. Nassim Hill Properties LP<br>Creditor's name<br>508 E. 53rd Street 102<br>Street<br><br>Austin, TX 78752<br>City          State     ZIP Code | _____ | $25,298.94 | |
| **Relationship to debtor**<br>Affiliate of Debtor's CEO John Robinson. | | | |

Debtor  Bentoli, Inc.                                                                        Case number (if known)
        Name

4.3.  Frank A. Maresma                                        $76,070.45
      Creditor's name

      6750 Sw 73rd Ct
      Street


      Miami, FL 33143-2923
      City                State    ZIP Code

      | Relationship to debtor |



4.4.  Carlos Robinson Salvatierra                             $57,934.94        Commissions
      Creditor's name

      3701 Quick Hill Rd # 16
      Street


      Austin, TX 78728-1123
      City                State    ZIP Code

      | Relationship to debtor |

      Contractor and relative of Debtor's principals

4.5.  BMEX ANIMAL NUTRITION S DE RL DE CV    4/7/23            $10,000.00
      Creditor's name

      SANTA FE CUAJIMALPA, CUAJIMALPADE
      MORELO
      Street
      PROLONGACION VASCO DE QUIROGA
      4309 C201

      CIUDAD DE MEXICO, MX,
      City                State    ZIP Code

      | Relationship to debtor |



4.6.  Bentoli Agrinutrition Thailand Co. Ltd.                 $48,320.00
      Creditor's name

      Suvarnabhumi Road, Bangpla, Bangplee
      Street
      333/52-53 Soi Project TIP 8 Moo6, Lieb Klong

      Samutprakarn 10540 Thailand,
      City                State    ZIP Code

      | Relationship to debtor |



4.7.  Bentoli Agrinutrition del Ecuador S.A.                  $11,650.00
      Creditor's name

      Flamingo 209, 2do Piso Bldg.
      Street


      Guayaquil; Guayas, Ecuador,
      City                State    ZIP Code

      | Relationship to debtor |

Debtor    Bentoli, Inc.            Case number *(if known)*
       Name

| | | | |
|---|---|---|---|
| 4.8. | Sana Care | | $276,023.40 |
| | Creditor's name | | |
| | 8085 Nw 68th St | | |
| | Street | | |
| | | | |
| | Miami, FL 33166-2794 | | |
| | City    State    ZIP Code | | |
| | **Relationship to debtor** | | |
| | Affiliate of Frank Maresna | | |
| 4.9. | Holland & Knight LLP | 05/15/2023 | $178,354.72 |
| | Creditor's name | | |
| | 98 San Jacinto Blvd Ste 1900 | 05/16/2023 | |
| | Street | | |
| | | 06/14/2023 | |
| | Austin, TX 78701-4238 | 07/05/2023 | |
| | City    State    ZIP Code | | |
| | **Relationship to debtor** | 07/18/2023 | |
| | Attorney of Insider | 08/07/2023 | |
| | | 09/20/2023 | |
| | | 09/27/2023 | |
| | | 09/28/2023 | |
| 4.10. | 16) Waller Lansden Dortch & Davis, LLP | 12/20/2022 | $37,660.65 |
| | Creditor's name | | |
| | 100 Congress Ave Unit 1800 | 01/01/2022 | |
| | Street | | |
| | | 02/15/2023 | |
| | Austin, TX 78701 | | |
| | City    State    ZIP Code | | |
| | **Relationship to debtor** | | |
| | Attorney of Insider | | |

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|
| 5.1. | | | |
| Creditor's name | | | |
| | | | |
| Street | | | |
| | | | |
| City    State    ZIP Code | | | |

Debtor    Bentoli, Inc.
      Name

Case number *(if known)*

**6.    Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| 6.1. | | | |
| Creditor's name | XXXX– __ __ __ __ | | |
| Street | | | |
| City          State    ZIP Code | | | |

---

**Part 3:    Legal Actions or Assignments**

**7.    Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| 7.1. | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| | Alexander Palencia v. Bentoli, Inc. et al. | | 419th District Court<br>Name<br>1700 Guadalupe Fl. 11<br>Street<br><br>Austin, TX 78701<br>City          State    ZIP Code | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| | **Case number** | | | |
| | D-1-GN-22-006655 | | | |

**8.    Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| 8.1. | Custodian's name and address | Description of the property | Value |
|---|---|---|---|
| | Custodian's name | | |
| | Street | **Case title** | **Court name and address** |
| | | | Name |
| | City          State    ZIP Code | **Case number** | Street |
| | | | City          State    ZIP Code |
| | | **Date of order or assignment** | |

---

**Part 4:    Certain Gifts and Charitable Contributions**

**9.    List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☐ None

Debtor Bentoli, Inc.

Name

Case number *(if known)*

| 9.1. | Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|---|
| | Cuero Livestock Show | | 5/23/2023 | $1,500.00 |
| | Recipient's name | | | |
| | 208 Hucheson | | 2/25/2022 | |
| | Street | | | |
| | | | | |
| | Cuero, TX | | | |
| | City                State      ZIP Code | | | |
| | **Recipient's relationship to debtor** | | | |
| | | | | |

---

**Part 5:** Certain Losses

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| | Description of the property lost and how the loss occurred | Amount of payments received for the loss | Date of loss | Value of property lost |
|---|---|---|---|---|
| | | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. | | |
| | | List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | | |
| 10.1. | | | | |

---

**Part 6:** Certain Payments or Transfers

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| 11.1. | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| | The Smeberg Law Firm PLLC | Bankruptcy retainer | 08/31/2023 | $15,000.00 |
| | **Address** | Bankruptcy retainer | 09/26/2023 | $17,000.00 |
| | 4 Imperial Oaks | | | |
| | Street | | | |
| | San Antonio, TX 78248-1609 | | | |
| | City                State      ZIP Code | | | |
| | **Email or website address** | | | |
| | | | | |
| | **Who made the payment, if not debtor?** | | | |
| | | | | |

Debtor    Bentoli, Inc.                                                          Case number *(if known)*
          Name

| 11.2. | **Who was paid or who received the transfer?** | **If not money, describe any property transferred** | **Dates** | **Total amount or value** |
|---|---|---|---|---|
| | Harney Partners | | 07/05/2023 | $5,000.00 |
| | **Address** | | 08/18/2023 | $4,350.00 |
| | 8911 N Capital of Texas Hwy Ste 2120 | | 09/28/2023 | $19,750.00 |
| | Street | | | |
| | Austin, TX 78759-7200 | | | |
| | City            State     ZIP Code | | | |
| | **Email or website address** | | | |
| | | | | |
| | **Who made the payment, if not debtor?** | | | |

| 11.3. | **Who was paid or who received the transfer?** | **If not money, describe any property transferred** | **Dates** | **Total amount or value** |
|---|---|---|---|---|
| | BDFTE, LLP | Retainer | 09/29/2023 | $20,000.00 |
| | **Address** | | | |
| | 4004 Belt Line Rd 100 | | | |
| | Street | | | |
| | Addison, TX | | | |
| | City            State     ZIP Code | | | |
| | **Email or website address** | | | |
| | | | | |
| | **Who made the payment, if not debtor?** | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.

Do not include transfers already listed on this statement.

☑ None

| 12.1. | **Name of trust or device** | **Describe any property transferred** | **Dates transfers were made** | **Total amount or value** |
|---|---|---|---|---|
| | | | | |
| | **Trustee** | | | |
| | | | | |

Debtor    23-10827-smr   Doc#1   Filed 10/01/23   Entered 10/01/23 19:05:06   Main Document   Pg 41 of 65
Bentoli, Inc.                                                                Case number (if known)
Name

**13.  Transfers not already listed on this statement**

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| 13.1. | Who received the transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| | | | | |
| | Address | | | |
| | Street | | | |
| | City          State     ZIP Code | | | |
| | Relationship to debtor | | | |

---

**Part 7:**  Previous Locations

**14.  Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| Address | Dates of occupancy |
|---|---|
| 14.1.  15908 E Us Highway 290<br>Street<br><br>Elgin, TX 78621-4156<br>City          State     ZIP Code | From  January 2010   To  August 2022 |

---

**Part 8:**  Health Care Bankruptcies

**15.  Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
—diagnosing or treating injury, deformity, or disease, or
—providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

Bentoli, Inc.

Name                        Case number *(if known)*

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1. _____ <br> Facility name | | |
| _____ <br> Street | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | **How are records kept?** |
| _____ <br> City    State    ZIP Code | | *Check all that apply:* <br> ☐ Electronically <br> ☐ Paper |

---

## Part 9:   Personally Identifiable Information

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No.

☐ Yes. State the nature of the information collected and retained. _____

      Does the debtor have a privacy policy about that information?

      ☐ No

      ☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b) or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.

☐ Yes. Does the debtor serve as plan administrator?

      ☐ No. Go to Part 10.

      ☐ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| _____ | EIN: _ _ – _ _ _ _ _ _ _ |

      Has the plan been terminated?

      ☐ No

      ☐ Yes

---

## Part 10:   Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| 18.1   Banesco USA <br> Name <br> 150 Alhambra Cir Ste 100 <br> Street <br><br> Coral Gables, FL 33134-4523 <br> City    State    ZIP Code | XXXX– 6 _9_ _1_ _4_ | ☑ Checking <br> ☐ Savings <br> ☐ Money market <br> ☐ Brokerage <br> ☐ Other <br> _____ | 9/25/2023 | $1,686.46 |

**19.  Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| 19.1 | Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|---|
| | _____ | _____ | _____ | ☐ No |
| | Name | _____ | _____ | ☐ Yes |
| | _____ | _____ | _____ | |
| | Street | Address | _____ | |
| | _____ | _____ | _____ | |
| | City          State    ZIP Code | _____ | | |

**20.  Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| 20.1 | Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|---|
| | _____ | _____ | _____ | ☐ No |
| | Name | _____ | _____ | ☐ Yes |
| | _____ | _____ | _____ | |
| | Street | Address | _____ | |
| | _____ | _____ | _____ | |
| | City          State    ZIP Code | _____ | | |

| Part 11: | Property the Debtor Holds or Controls That the Debtor Does Not Own |
|---|---|

**21.  Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| | | | _____ |
| _____ | _____ | _____ | |
| Name | _____ | _____ | |
| _____ | _____ | _____ | |
| Street | | _____ | |
| _____ | | _____ | |
| City          State    ZIP Code | | | |

| Part 12: | Details About Environmental Information |
|---|---|

For the purpose of Part 12, the following definitions apply:

▪ *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

▪ *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

Debtor     Bentoli, Inc.

     Name

Case number *(if known)*

■ *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No

☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| | Name | | ☐ Pending |
| **Case number** | | | ☐ On appeal |
| | Street | | ☐ Concluded |
| | City          State    ZIP Code | | |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| Name | Name | | |
| Street | Street | | |
| City          State    ZIP Code | City          State    ZIP Code | | |

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| Name | Name | | |
| Street | Street | | |
| City          State    ZIP Code | City          State    ZIP Code | | |

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None

Debtor ___Bentoli, Inc.___

Case number *(if known)* _____

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| 25.1. _____<br>Name<br><br>_____<br>Street<br><br>_____<br>City          State     ZIP Code | _____ | EIN: __ __ – __ __ __ __ __ __ __<br><br>**Dates business existed**<br><br>From _____  To _____ |

## 26. Books, records, and financial statements

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26a.1. Viteri Financial Services<br>Name<br><br>6721 Sw 69th Ter<br>Street<br><br>South Miami, FL 33143-3134<br>City          State     ZIP Code | From 1/2000  To 01/2019 |
| **Name and address** | **Dates of service** |
| 26a.2. Viteri Financial Services<br>Name<br><br>6721 SW 69th Terrace<br>Street<br><br>Miami, FL 33143-3134<br>City          State     ZIP Code | From 5/2022  To Present |
| **Name and address** | **Dates of service** |
| 26a.3. Scott G. Sommerstein, CPA<br>Name<br><br>9611 Memorial Road<br>Street<br><br>Miami, FL 33157<br>City          State     ZIP Code | From 5/19  To 5/2022 |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☑ None

| Name and address | Dates of service |
|---|---|
| 26b.1. _____<br>Name<br><br>_____<br>Street<br><br>_____<br>City          State     ZIP Code | From _____  To _____ |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

Bentoli, Inc.
Name

Case number *(if known)*

| 26c.1. | Name and address | If any books of account and records are unavailable, explain why |
|---|---|---|
| | Viteri Financial Services | |
| | Name | |
| | 6721 Sw 69th Ter | |
| | Street | |
| | | |
| | South Miami, FL 33143-3134 | |
| | City     State     ZIP Code | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☑ None

| 26d.1. | Name and address |
|---|---|
| | _____ |
| | Name |
| | _____ |
| | Street |
| | _____ |
| | _____ |
| | City     State     ZIP Code |

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☐ No

☑ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| Chinnaraj Vellingiri | 09/26/2023 | $77,739.30 |

| 27.1. | Name and address of the person who has possession of inventory records |
|---|---|
| | Bobby Raymond |
| | Name |
| | 116 Hoxie St |
| | Street |
| | |
| | Coupland, TX 78615 |
| | City     State     ZIP Code |

**28.** List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| William Robinson, Sr. | Calle Don Ramon de la Cruz 71 Madrid, Spain, NC 28001 | Shareholder, Director, President, | 97.00% |
| William A. Robinson, Jr. | 168 Ridgewood Dr Brewster, MA 02631-1044 | Shareholder, Director, Secretary, | 1.00% |
| John Robinson | 301 West Ave Unit 4603 Austin, TX 78701-4761 | CEO, Treasurer, | 0.00% |

**29.** Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

☐ No

☑ Yes. Identify below.

Debtor  Bentoli, Inc.                                                                    Case number (if known)
        Name

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|------|---------|-------------------------------------|---------------------------------------------------|
| Frank A. Maresma | 6750 Sw 73rd Ct Miami, FL 33143-2923 | Treasurer, | From _____<br>To _____ |

### 30. Payments, distributions, or withdrawals credited or given to insiders

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No

☑ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|-------------------------------|------------------------------------------------------|-------|--------------------------------|
| 30.1. Carlos Robinson Salvatierra<br>Name | $5,757.41 | 11/04/2022 | Commissions |
| 3701 Quick Hill Rd Apt 16301<br>Street | $5,000.00 | 12/01/2022 | |
| | $10,766.54 | 1/30/2023 | |
| | $1,410.99 | 2/16/2023 | |
| Austin, TX 78728-1304<br>City                State        ZIP Code | $2,500.00 | 4/7/2023 | |
| **Relationship to debtor** | $2,500.00 | 4/17/2023 | |
| Contractor and relative of Debtor's principals. | $2,500.00 | 4/24/2023 | |
| | $2,500.00 | 4/28/2023 | |
| | $2,500.00 | 5/11/2023 | |
| | $2,500.00 | 5/26/2023 | |
| | $2,500.00 | 6/8/2023 | |
| | $2,500.00 | 6/23/2023 | |
| | $2,500.00 | 7/6/2023 | |
| | $2,500.00 | 7/21/2023 | |
| | $2,500.00 | 8/4/2023 | |
| | $2,500.00 | 8/18/2023 | |
| | $2,500.00 | 9/1/203 | |
| | $2,500.00 | 9/26/2023 | |

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|-------------------------------|------------------------------------------------------|-------|--------------------------------|
| 30.2. William A. Robinson, Jr.<br>Name | $11,551.45 | | Wages |
| 168 Ridgewood Dr<br>Street | | | |
| Brewster, MA 02631-1044<br>City                State        ZIP Code | | | |
| **Relationship to debtor** | | | |
| Shareholder, Director, and Secretary | | | |

### 31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?

☑ No

Debtor    Bentoli, Inc.
    Name

Case number *(if known)*

☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| | EIN: __ __ – __ __ __ __ __ __ __ |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| | EIN: __ __ – __ __ __ __ __ __ __ |

## Part 14: Signature and Declaration

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    10/01/2023
     MM/  DD/  YYYY

**X** /s/ John Robinson
   Signature of individual signing on behalf of the debtor

Printed name      John Robinson

Position or relationship to debtor    CEO

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☑ No

☐ Yes

| 90D | (Multiple Items) |
|-----|------------------|

| Row Labels | Sum of Credit |
|------------|---------------|
| **116 Hoxie.LLC** | **33,948.00** |
| 6/30/2023 | 8,487.00 |
| 7/27/2023 | 8,487.00 |
| 9/1/2023 | 8,487.00 |
| 9/26/2023 | 8,487.00 |
| **American Express - 1005** | **10,083.96** |
| 7/6/2023 | 1,338.87 |
| 8/4/2023 | 2,083.12 |
| 9/1/2023 | 2,083.12 |
| 9/18/2023 | 4,578.85 |
| **Animix, LLC** | **183,623.63** |
| 6/30/2023 | 14,282.15 |
| 7/17/2023 | 10,000.00 |
| 7/21/2023 | 10,000.00 |
| 7/27/2023 | 18,351.76 |
| 8/4/2023 | 49,955.03 |
| 9/8/2023 | 10,000.00 |
| 9/26/2023 | 71,034.69 |
| **BDFTE, LLP** | **20,000.00** |
| 9/29/2023 | 20,000.00 |
| **Berger Singerman** | **50,330.02** |
| 7/26/2023 | 26,638.90 |
| 9/28/2023 | 23,691.12 |
| **Fleischmann's/AB Mauri** | **8,880.00** |
| 7/6/2023 | 5,920.00 |
| 8/11/2023 | 2,960.00 |
| **Genesis Custom Chemical Blending** | **39,688.00** |
| 8/4/2023 | 10,824.00 |
| 9/26/2023 | 28,864.00 |
| **Harney Partners** | **29,100.00** |
| 7/5/2023 | 5,000.00 |
| 8/18/2023 | 4,350.00 |
| 9/28/2023 | 19,750.00 |
| **MTS Logistics** | **10,330.00** |
| 6/30/2023 | 3,570.00 |
| 8/25/2023 | 6,760.00 |
| **SAIA Motor Freight Line, Inc.** | **13,570.55** |
| 7/6/2023 | 2,515.68 |
| 7/17/2023 | 586.42 |
| 7/21/2023 | 203.61 |
| 7/27/2023 | 887.30 |
| 8/4/2023 | 1,585.90 |
| 8/18/2023 | 2,757.46 |
| 9/1/2023 | 460.47 |

SOFA #3

| | |
|---|---|
| 9/8/2023 | 722.11 |
| 9/26/2023 | 3,851.60 |
| **The Smeberg Law Firm, PLLC** | **32,000.00** |
| 8/31/2023 | 15,000.00 |
| 9/26/2023 | 17,000.00 |
| **TMD Oilfield Technology** | **49,901.25** |
| 7/17/2023 | 11,560.00 |
| 7/21/2023 | 7,701.75 |
| 7/27/2023 | 12,596.75 |
| 8/11/2023 | 4,091.75 |
| 9/26/2023 | 1,444.00 |
| 9/28/2023 | |
| 9/29/2023 | 12,507.00 |
| **Wego Chemical Group** | **8,200.00** |
| 7/27/2023 | 8,200.00 |
| **Grand Total** | **489,655.41** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

IN RE: **Bentoli, Inc.**                                                        CASE NO

                                                                                CHAPTER **11**


### VERIFICATION OF CREDITOR MATRIX

The above named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.


Date _____ 10/01/2023 _____        Signature _____ /s/ John Robinson _____
                                                                        John Robinson, CEO

Genesis Chemical
2708 NW Main ST`
Ennis, TX 75119

116 Hoxie, LLC
116 Hoxie St
Coupland, TX 78615-5035

360 Security
4212 Pasada Ln
Round Rock, TX 78681-1680

A Customs Brokerage
2750 Nw 84th Ave
Doral, FL 33122-1926

Adams Warehouse and
Delivery
3701 Yale St
Houston, TX 77018-6563

Alexander Palencia
8950 Sw 75th St # 1605
Miami, FL 33173-3439

Animix, LLC
172 Cross St
Juneau, WI 53039-1246

APC, LLC
Po Box 310510
Des Moines, IA 50331-0510

Apollo Bank
1150 S Miami Ave
Miami, FL 33130-4111

Aqua Water Supply Corp.
Po Box P
Bastrop, TX 78602-1989

AT&T Voices Over IP
Po Box 5019
Carol Stream, IL 60197-5019

Banesco USA
150 Alhambra Cir Ste 100
Coral Gables, FL 33134-4523

Barentz
Po Box 77096
Cleveland, OH 44194-0015

BASF Corporation
Po Box 121151
Dallas, TX 75312-1151

Bastrop County
Po Box 579
Bastrop, TX 78602-0579

Bastrop Scale Co. Inc.
Po Box 2100
Bastrop, TX 78602-9100

Becker
2525 Ponce de Leon Blvd., #825
Coral Gables, FL 33134

Bentoli AgriNutrition India
Pvt., Ltd.
No: 3F2, 3rd Floor, Front Block, Metro Twr
#115 Poonamallee High Road
Chennai 600084

Bentoli Agrinutrition Thailand
Co. Ltd.
333/52-53 Soi Project TIP 8 Moo6, Lieb
Klong
Suvarnabhumi Road, Bangpla, Bangplee,
Samutprakarn 10540 Thailand

Berg Compliance Solutions
LLC
11615 Angus Rd Ste 230
Austin, TX 78759-4007

Berger Singerman LLP
201 E Las Olas Blvd Ste 1500
Ft Lauderdale, FL 33301-4439

Best Cob
Po Box 150
Rock Falls, IL 61071-0150

Bluebonnet Electric
Cooperative, Inc.
Po Box 240
Giddings, TX 78942-0240

BMEX ANIMAL NUTRITION S
DE RL DE CV
PROLONGACION VASCO DE QUIROGA
4309 C201
SANTA FE CUAJIMALPA, CUAJIMALPADE
MORELO
CIUDAD DE MEXICO, MX

Brenntag Southwest
Po Box 970230
Dallas, TX 75397-0230

Brian Engle
4004 Belt Line Road 100
Addison, TX 75001

Build Pro Mechanical LLC
18300 Basket Flower Bend
elgin, TX

Bulk Matrix
1755 Arlington Ave
Columbus, OH 43212-1921

Burls Plumbing LLC
300 N Kings Canyon Dr
Cedar Park, TX 78613-2346

Caribbean Petrochemical Mnfc
Ltd
MG5J+W58, Arneaud Ave,
San Juan, Trinidad and Tobago

Cedar Park Overhead Doors
1408 N Bell Blvd
Cedar Park, TX 78613-7080

Charlie Sanchez Ins Agency LLC
1970 Rawhide Dr Apt 210
Round Rock, TX 78681-6958

Chase Auto Finance
Po Box 901076
Fort Worth, TX 76101-2076

Chem Quest, Inc.
Po Box 4458 Dept 207
Houston, TX 77210-4458

Cintas Corporation
Po Box 650838
Dallas, TX 75265-0838

Cintas First Aid & Safety
Po Box 631025
Cincinnati, OH 45263-1025

CMA CGM (America) LLC
5701 Lake Wright Dr
Norfolk, VA 23502-1868

Coface North America Insurance Co.
Po Box 70280
Philadelphia, PA 19176-0280

Comfort System USA-Mtech-Icon
1720 Royston Ln
Round Rock, TX 78664-9555

Commonwealth Massachussets
Po Box 7089
Boston, MA 02241-7001

Consolidated Label Co.
2001 E Lake Mary Blvd
Sanford, FL 32773-7140

Craig Caudill Enterprises
127 Village Park Dr
Georgetown, TX 78633-4461

Delux Business
801 Marquette Ave
Minneapolis, MN 55402-2807

Divendi Americas Inc.
8950 Sw 74th Ct Ste 1605
Miami, FL 33156-3175

Double S Liquid Feed
726 N Bowman Ave
Danville, IL 61832-4030

ECHO Global Logistics Inc.
22168 Network place
Chicago, IL 60673

EDR Property Maintenance LLC
127 Emory Fields Dr
Hutto, TX 78634-5544

Edward Steve
39/536 Sunshine
Soi Nichada Thani, Samakee Road
Pakkret District, Nonthaburi,
Thailand11120

EP America Inc
1011 E Touhy Ave Ste 135
Des Plaines, IL 60018-5821

Fairview Mills
604 Nemaha St
Seneca, KS 66538-1735

FDOT
Po Box 31241
Tampa, FL 33631-3241

Federal Express
Po Box 660481
Dallas, TX 75266-0481

FedEx Freight
Po Box 10306 Dept Ch
Palatine, IL 60055-0001

Fingerprint Ideas
201 Taylor St
Hutto, TX 78634-4412

Fishbowl Inventory
508 Technology Ave Bldg C
Orem, UT 84097-6210

Fleischmann's AB Mauri
4240 Duncan Ave Ste 150
Saint Louis, MO 63110-1123

Foodmaster Logistics LLC
7202 Beneva Rd
Sarasota, FL 34238-2806

Frank A. Maresma
6750 Sw 73rd Ct
Miami, FL 33143-2923

Frank A. Maresma
6750 Sw 73rd Ct # 1605
Miami, FL 33143-2923

GCCISD TAX SERVICES
Po Box 2805
Baytown, TX 77522-2805

Geico Insurance Company
Po Box 509105
San Diego, CA 92150-9105

Gepax Group LLC.
2646 30th St Apt 1f
Astoria, NY 11102-2066

GlobalTranz
Po Box 203285
Dallas, TX 75320-3285

Halliburton
Po Box 301341
Dallas, TX 75303-1341

Harland Business Solutions
15955 La Cantera Pkwy
San Antonio, TX 78256-2589

Harney Partners
8911 N Capital of Texas Hwy Ste 2120
Austin, TX 78759-7200

Hawkins, Inc.
Po Box 860263
Minneapolis, MN 55486-0263

Holland & Knight LLP
98 San Jacinto Blvd Ste 1900
Austin, TX 78701-4238

Hydraulic House Inc
6300a Burleson Rd
Austin, TX 78744-1411

ICC Ind. Com. Exp. Imp. Ltda
3500 PNC Tower 101 South 5th Street
Louisville, KY 40202

Inpak Systems, Inc.
Po Box 8663
Madison, WI 53708-8663

Integraws SA de C.V
PROL CALZADA N Ext 110 Col LA
MARTINICA
Leon, Guanajuato, MEX37500

INTERNAL REVENUE SERVICE
Special Procedures - Insolvency
P.O. BOX 21126
PHILADELPHIA, PA 19114

John C. Robinson
301 West Ave Unit 4603
Austin, TX 78701-4761

Kell C Mercer PC
901 S MoPac Expy Bld 1 Ste 300
Austin, TX

King of Freight
Po Box 49170
Wichita, KS 67201-9170

Liminality Ventures, LLC
301 West Ave, Unit 4603
Austin, TX 78601

LoneStar Forklift
Po Box 561075
Denver, CO 80256-1075

MADFRABIA INTERNATIONAL
CORP
8085 Nw 68th St
Miami, FL 33166-2794

Mighty Fortress Electric
2111 Whistling Way
Taylor, TX 76574-1375

MS Pallet Company
1713 Hydro Dr
Austin, TX 78728-7726

MTS Logistics
5 W 37th St Rm 300
New York, NY 10018-5352

Office Depot
Po Box 88040
Chicago, IL 60680-1040

Office of the Texas State
Chemist
Po Box 3160
College Sta, TX 77841-3160

OSPREY Biotechnics
Po Box 502391
Saint Louis, MO 63150-2391

Pay Cargo, LLC
201 Alhambra Cir Ste 711
Coral Gables, FL 33134-5108

Phibro Animal Health Corp
229 Radio Rd
Quincy, IL 62305-7534

Potts Blacklock Senterfitt
4800 Bee Caves Rd Ste 100
W Lake Hills, TX 78746-5215

Progressive Express Ins
Company
6300 Wilson Mills Rd
Mayfield Vlg, OH 44143-2109

Quality Fire Protection
Po Box 354
Eddy, TX 76524-0354

Quickbase
290 Congress St
Boston, MA 02210-1033

Quill Corporation
Po Box 37600
Philadelphia, PA 19101-0600

Repacorp
Po Box 933485
Cleveland, OH 44193-0040

Rinnovo Management
Po Box 670
Jensen Beach, FL 34958-0670

William Robinson, Sr
Calle Don Ramon de la Cruz 71
Madrid, Spain, NC 28001

Royalty Eximport,Inc
8422 Nw 70th St
Miami, FL 33166-2637

SAIA Motor Freight Line, Inc.
Po Box 730532
Dallas, TX 75373-0532

Sana Care
8085 Nw 68th St
Miami, FL 33166-2794

Scott G Somerstein, CPA, PA
9611 Memorial Rd
Cutler Bay, FL 33157-8741

Scoular
250 Marquette Ave Ste 1050
Minneapolis, MN 55401-1877

Seaboard Marine Ltd
Po Box 743934
Atlanta, GA 30374-3934

SeaCoast Bank
815 Colorado Ave
Stuart, FL 34994-3053

Sealand
9300 Arrowpoint Blvd
Charlotte, NC 28273-8136

Secretary of State
Authentication Unit
Po Box 13550
Austin, TX 78711-3550

Shawnee Milling Company
Po Box 1567
Shawnee, OK 74802-1567

Ship Global Logistics
1605 John St Ste 201a
Fort Lee, NJ 07024-2584

Shipco Transport Inc.
1235 North Loop W Ste 450
Houston, TX 77008-4724

Smith Air Inc.
Po Box 60666
Houston, TX 77205-0666

Spectrum Enterprise
1900 Blue Crest Ln
San Antonio, TX 78247-4315

Squire Patton Boggs (US)LLP
200 S Biscayne Blvd Ste 4700
Miami, FL 33131-2303

Suburban Propane
Po Box 12124
Fresno, CA 93776-2124

Sunson Industry Group
155 Quinfeng Road
Yinchuan, China

Sunson Industry Group Co.,
Ltd.
155 Quinfeng Road, Jinfeng Dist.
Yinchuan, China (750002) CHINA

Swiss pac
1720 Hurd Dr
Irving, TX 75038-4324

TASC
ATTN: Client Invoices
Po Box 88278
Milwaukee, WI 53288-8278

TCEQ
Po Box 13089
Austin, TX 78711-3089

Texas Comptroller of Public
Account
Attn: Bankruptcy
Po Box 149359
Austin, TX 78714-9359

Texas Welding Supply
4705 Commercial Park Dr
Austin, TX 78724-2634

TForce Freight
1000 Semmes Ave Po Box 1216
Richmond, VA 23224-2246

The Bug Master
1912 Smith Rd
Austin, TX 78721-3547

The Smeberg Law Firm
4 Imperial Oaks
San Antonio, TX 78248-1609

TMD Oilfield Industry
2010 Grandway Dr
Katy, TX 77449-5948

T-Mobile
Po Box 742596
Cincinnati, OH 45274-2596

Transpak, Inc
Po Box 102762
Pasadena, CA 91189-0128

Travis County Tax Office
Po Box 149328
Austin, TX 78714-9328

U.S. Department of Labor
-OSHA
1033 La Posada Dr Ste 375
Austin, TX 78752-3832

U.S. Small Business
Administration
409 3rd St, SW
Washington, DC 20416

ULINE
PO BOX 88741
Chicago, IL 60680

United food corporation
2 Tower Center Blvd Fl 12
E Brunswick, NJ 08816-1100

United States Treasury
Po Box 71052
Philadelphia, PA 19176-6052

USDA
Po Box 979039
Saint Louis, MO 63197-9000

Veconinter
7205 Nw 19th St Ste 303
Miami, FL 33126-1229

Manuel Sotero Vinagre
110340 PO Box
Hialeah , FL 33011

Waste Management of Austin
Po Box 660345
Dallas, TX 75266-0345

Waste Management of Texas
Po Box 660345
Dallas, TX 75266-0345

Wego Chemical Group
239 Great Neck Rd
Great Neck, NY 11021-3301

Wells Fargo Equipment
Finance
Po Box 7777
San Francisco, CA 94120-7777

William A. Robinson, Jr.
168 Ridgewood Dr
Brewster, MA 02631-1044

William A. Robinson, Jr.
168 Ridgewood Drive
Brewster, MA 02613-1044

William A. Robinson, Sr.
Calle Don Ramon de la Cruz 71
Madrid, Spain 28001

Woods Distribution Solutions
LLC
2900 Meacham Blvd
Fort Worth, TX 76137-4605

Zoro Tools
Po Box 5233
Janesville, WI 53547-5233

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Bentoli, Inc. | § | |
| | § | Case No. 23-_____ |
| | § | SubChapter V |
| Debtor | § | |

**GLOBAL NOTES, METHODOLOGY AND SPECIFIC
DISCLOSURES REGARDING THE DEBTOR'S SCHEDULES OF
<u>ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS</u>**

### <u>Introduction</u>

On October 1, 2023 (the "***Petition Date***"), Bentoli, Inc. ("***Bentoli***"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "***Debtor***) filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "***Bankruptcy Code***").

Pursuant to the requirements of Bankruptcy Code Section 521 and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), the Debtor, with the assistance of its advisors, has filed its Schedules of Assets and Liabilities (the "***Schedules***") and Statements of Financial Affairs (the "***Statements***") with the United States Bankruptcy Court for the Western District of Texas (the "***Bankruptcy Court***").

John Robinson is Debtor's CEO and has signed the Schedules and Statements. In reviewing and signing the Schedules and Statements, John Robinson has relied upon the information in the books and records of the Debtor. John Robinson has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors.

These *Global Notes, Methodology and Specific Disclosures Regarding the Debtor's Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "***Global Notes***") pertain to, are incorporated by reference in and comprise an integral part of the Debtor's Schedules and Statements. The Global Notes should be referred to and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("***GAAP***"), nor are they intended to be fully reconciled with the financial statements of the Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtor's commercially reasonable best efforts to report the assets and liabilities of the Debtor.

1

In preparing the Schedules and Statements, the Debtor relied upon financial data derived from its books and records that was available at the time of such preparation. Although the Debtor has made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised or subsequent information, may cause a material change to the Schedules and Statements. Thus, the Debtor is unable to warrant or represent the Schedules and Statements are without inadvertent errors, omissions or inaccuracies. Accordingly, the Debtor reserves all of its rights to amend, supplement or otherwise modify the Schedules and Statements as is necessary and appropriate. Notwithstanding the foregoing, the Debtor shall not be required to update, amend or supplement the Schedules and Statements, but reserve the right to do so.

## Global Notes and Overview of Methodology

**Reservation of Rights**. Nothing contained in the Schedules and Statements shall constitute a waiver of the Debtor's rights or an admission with respect to its chapter 11 case, including, without limitation, any issues involving substantive consolidation, equitable subordination, offsets or defenses and/or causes of action arising under, *inter alia*, the provisions of Chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws.

**Books and Records.** John Robinson became the Interim CEO in March 2023, having previously served as CEO prior to 2018. From 2018 until 2023, the books and records of Bentoli were under the control of outside individuals (Alex Palencia and Frank Maresma). Such individuals altered the manner in which Bentoli had historically maintained its books and records. Every effort has been made to reflect matters accurately it the Schedules and Statements; however, to the extent information is derived from the time period referenced above, Bentoli must reserve all rights regarding the accuracy of such information.

**Description of Case**. On the Petition Date, the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its property as debtor-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108. No trustee or examiner has been requested in this chapter 11 case, and no committees have been appointed or designated.

**Net Book Value of Assets**. It would be prohibitively expensive, unduly burdensome and an inefficient use of estate assets for the Debtor to obtain current market valuations for all of its assets. Accordingly, unless otherwise indicated, the Debtor's Schedules and Statements reflect net book values as of September 29, 2023. Market values of these assets may vary, at some times materially, from the net book value of such assets. Additionally, because the book values of assets such as trademarks may materially differ from their fair market values, they are listed as undetermined amounts as of the Petition Date. Furthermore, assets which have fully depreciated or were expensed for accounting purposes do not appear in these Schedules and Statements as they have no net book value.

2

**Personal Property – Leased**. In the ordinary course of business, the Debtor may lease furniture, fixtures, and office equipment from certain third-party lessors for use in the daily operation of its business. Nothing in the Schedules and Statements is or shall be construed as an admission regarding any determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtor reserves all of its rights with respect to any such issue.

**Recharacterization**. Notwithstanding the Debtor's commercially reasonable best efforts to properly characterize, classify, categorize or designate certain claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and Statements, the Debtor may nevertheless have improperly characterized, classified, categorized, designated or omitted certain items. Accordingly, the Debtor reserves all of its rights to recharacterize, reclassify, recategorize, redesignate, add or delete items reported in the Schedules and Statements at a later time as is necessary and appropriate, as additional information becomes available.

**Liabilities**. The Debtor allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change. Accordingly, the Debtor reserves all of its rights to amend, supplement or otherwise modify the Schedules and Statements as is necessary and appropriate as it determines in its sole and absolute discretion.

The liabilities listed on the Schedules do not reflect any analysis of claims pursuant to Bankruptcy Code Section 503(b)(9). Accordingly, the Debtor reserves all of its rights to dispute or challenge the validity of any asserted claims under Bankruptcy Code Section 503(b)(9) or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

**Insiders**. For purposes of the Schedules and Statements, the Debtor defines "insiders" pursuant to section 101(31) of the Bankruptcy Code to include the following: (a) directors; (b) officers; (c) shareholders holding in excess of 5% of the voting shares of the Debtor (whether directly or indirectly); (d) relatives of directors, officers or shareholders of the Debtor (to the extent known by the Debtor); (e) persons in control; and (f) Debtor/non-Debtor affiliates.

Persons listed as "insiders" have been included for informational purposes only. The Debtor does not take any position with respect to: (a) such person's influence over the control of the Debtor; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

**Intellectual Property Rights**. Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms or otherwise transferred pursuant to a sale, acquisition or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms or otherwise transferred pursuant to a sale, acquisition or other transaction.

**Classifications**.  Listing a claim on (a) Schedule D as "secured," (b) Schedule E/F as "priority," (c) Schedule E/F as "unsecured" or (d) listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtor of the legal rights of the claimant or a waiver of the Debtor's rights to recharacterize or reclassify such claims or contracts or leases or to setoff of such claims.

**Claims Description**. Schedules D and E/F permit the Debtor to designate a claim as "disputed," "contingent" and/or "unliquidated." Any failure to designate a claim on the Debtor's Schedules as "disputed," "contingent" or "unliquidated" does not constitute an  admission by the Debtor that such amount is not "disputed," "contingent" or "unliquidated," or that such claim is not subject to objection. The Debtor reserves all of its rights to dispute, or assert offsets or defenses to, any claim reflected on its Schedules and Statements on  any grounds, including liability or classification. Additionally, the Debtor expressly reserves all  of its rights to subsequently designate such claims as "disputed," "contingent" or "unliquidated." Moreover, listing a claim does not constitute an admission of liability by the Debtor.

**Causes of Action**.  Despite reasonable efforts, the Debtor may not have identified and/or set forth all of its (filed or potential) causes of action against third parties as assets in its Schedules and Statements. The Debtor reserves all of its rights with respect to any causes of action against third parties and nothing in the Global Notes or the Schedules and Statements shall be deemed a waiver of any such causes of action which are expressly reserved.

**Summary of Significant Reporting Policies**. The following is a summary of significant  reporting policies:

a.   <u>Undetermined Amounts</u>. The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

b.   <u>Totals</u>. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts,  the actual total may be different than the listed total.

c.   <u>Liens</u>. Property, inventory and equipment listed in the  Schedules  may  be presented without consideration of any liens that may attach (or have attached) to such  property and equipment.

d.   <u>Currency</u>. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

4

**Global Notes Control**. In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

## Specific Disclosures with Respect to the Debtor's Schedules

**Schedule A/B**. The Debtor may have listed certain assets as real property when such assets are in fact personal property, or the Debtor may have listed certain assets as personal property when such assets are in fact real property. The Debtor reserves all of its rights to recategorize and/or recharacterize such asset holdings to the extent the Debtor determines that such holdings were improperly listed.

Unless indicated otherwise, asset values described in Schedule A/B are representative of values reflected on in the Debtor's records.

**Schedule A/B3**. The Debtor's cash account values for the checking accounts maintained with Independent Bank reflect the Debtor's balance(s) as of September 29, 2023.

**Schedule A/B8**. The amount paid as retainer to Smeberg Law Firm PLLC is as of September 29, 2023.
The amount paid as retainer to Harney Partners is as of September 29, 2023.

The amount paid as retainer to BDF Group is as of September 29, 2023.

**Schedule A/B11**. The Debtor has disclosed the net book value with respect to accounts receivable listed on Schedule A/B11, which represents the amount of the accounts receivable netted by any "doubtful accounts." For purposes of Schedule A/B11, "doubtful accounts" are those accounts that the Debtor has identified as unlikely to be paid given the amount of time such accounts have been outstanding.

**Schedules A/B39-41 and A/B50**. For purposes of Schedules A/B39-41 and A/B50, the value of certain assets may be included in a fixed asset group or certain assets with a net book value of zero may not be set forth on Schedules A/B39-41 and A/B50.

**Schedule A/B75**. In the ordinary course of its business, the Debtor may have accrued, or may subsequently accrue, certain rights to causes of action, counterclaims, setoffs, or refunds with various parties. Additionally, the Debtor may be a party to pending litigation in which the Debtor has asserted, or may assert, causes of action as a plaintiff or counterclaims as a defendant. To the extent such rights are known and quantifiable, they are listed on Schedule A/B75; however, any such rights which are unknown to the Debtor or not quantifiable as of the Petition Date are not listed on Schedule A/B75.

**Schedule E/F, Part 1**. The claims listed on Schedule E/F, Part 1 arose or were incurred on various dates; a determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each claim. All claims listed on Schedule E/F, Part 1, however, appear to have arisen or to have been incurred before the Petition Date.

5

**Schedule E/F, Part 2**. The Debtor has used its commercially best reasonable efforts to report all general unsecured claims against the Debtor on Schedule E/F, Part 2 based upon the Debtor's existing books and records as of the Petition Date. The claims of individual creditors for, among other things, products, goods or services are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtor's books and records and may not reflect credits or allowances due from such creditors to the Debtor. The Debtor reserves all of its rights with respect to any such credits and allowances including the right to assert objections and/or setoffs with respect to same. Schedule E/F, Part 2 does not include certain deferred charges, deferred liabilities, accruals or general reserves. Such amounts are, however, reflected on the Debtor's books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date. The Debtor has made every effort to include as a contingent, unliquidated or disputed the claim of any vendor not included on the Debtor's open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

To the extent they are known, Schedule E/F, Part 2 reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or the assumption and assignment of an executory contract or unexpired lease. Additionally, Schedule E/F, Part 2 does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

**Schedule G**. Although the Debtor's existing books, records and financial systems have been relied upon to identify and schedule executory contracts and unexpired leases for the Debtor and diligent efforts have been made to ensure the accuracy of the Debtor's Schedule G, inadvertent errors, omissions or over-inclusion may have occurred. Certain information, such as the contact information of the counterparty, may not be included where such information could not be obtained using the Debtor's reasonable efforts.

Listing a contract or lease on Schedule G does not constitute an admission that such contract or lease is an executory contract or unexpired lease or that such contract or lease was in effect on the Petition Date or is valid or enforceable. The Debtor hereby reserves all of its rights to dispute the validity, status or enforceability of any contracts, leases or other agreements set forth on Schedule G and to amend or supplement Schedule G as necessary. Certain of the contracts and leases listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth separately on Schedule G.

Certain confidentiality or non-disclosure agreements may not be listed on Schedule G. The Debtor reserves all of its rights with respect to such agreements.

Certain of the contracts and leases listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters and other documents that may not be listed on Schedule G or that may be listed as a single entry. The Debtor expressly reserves its

rights to challenge whether such related materials constitute an executory contract or unexpired lease, a single contract or lease or multiple, severable or separate contracts or leases.

The contracts, leases and other agreements listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments and agreements that may not be listed therein despite the Debtor's use of reasonable efforts to identify such documents.

The Debtor reserves all of its rights, claims and causes of action with respect to the contracts and leases on Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's claim.

In addition, the Debtor may have entered into various other types of agreements in the ordinary course of its business, such as subordination, nondisturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents may not be set forth on Schedule G. Further, the Debtor reserves all of its rights to alter or amend these Schedules to the extent that additional information regarding the Debtor obligor to such executory contracts or unexpired leases becomes available. Certain of the executory contracts or unexpired leases may not have been memorialized and could be subject to dispute. Executory contracts that are oral in nature have not been included on Schedule G.

Omission of a contract or lease from Schedule G does not constitute an admission that such omitted contract or lease is not an executory contract or unexpired lease. The Debtor's rights under the Bankruptcy Code with respect to any such omitted contracts or leases are not impaired by the omission.

The listing of any contract or lease on Schedule G does not constitute an admission by the Debtor as to the validity of any such contract or lease or an admission that such contract or lease is an executory contract or unexpired lease. The Debtor reserves all of its rights to dispute the effectiveness of any such contract or lease listed on Schedule G or to amend Schedule G at any time to remove any contract or lease.

To the extent a contract or lease states that the term is one month or less, the contract or lease may be operating on a month-to-month basis that allows one or both parties to terminate upon providing 30 day notice.

**__Schedule H__**. For purposes of Schedule H, the Debtor may not have identified certain guarantees associated with the Debtor's executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. The Debtor reserves all of its rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

In the ordinary course of its business, the Debtor may be involved in pending or threatened litigation. These matters may involve multiple plaintiffs and defendants, some or all of whom

may assert cross-claims and counterclaims against other parties. Because all such claims are contingent, disputed or unliquidated, such claims have not been set forth individually on Schedule H. Litigation matters can be found on the Debtor's Schedule E/F, Part 2 and Statement 4a, as applicable.

## Specific Disclosures with Respect to the Debtor's Statements

**Statement 1**. The amounts listed in Statement 1 reflect the revenue for the fiscal years 2021, 2022 and the year-to-date portion of fiscal year 2023 of the Debtor as such amount is calculated in the Debtor's records.

**Statement 4. Payment to Waller Law and Holland & Knight:** December 2022, Waller Lansden Dortch & Davis, LLP ("Waller") was retained by William A. Robinson, Sr. ("WAR, Sr.") to represent him as a shareholder of Bentoli, Inc. and as a guarantor of obligations purportedly owing to Alex Palencia in connection with a lawsuit filed in Travis County (the "Lawsuit"). In such engagement, John C. Robinson ("JCR") was appointed as an agent for WAR, Sr. As of March 1, 2023, Holland & Knight, LLP ("H&K") acquired Waller and the representation of WAR, Sr. continued.

WAR Sr. provided a secured credit facility to Bentoli (as subsequently amended, the "Credit Facility") in the initial amount of $200,000 that was later increased to $250,000. H&K represented the interests of WAR, Sr. in connection with the Credit Facility, and Bentoli was represented by the law firm of Berger Singerman, LLP ("Berger Singerman").

In May 2023, the Initial Engagement was modified, and H&K was additionally retained by Bentoli solely for representing Bentoli in connection with the Lawsuit. H&K withdrew from representing Bentoli in connection with the Lawsuit on or about September 28, 2023.

In September 2023, Liminality Ventures, LLC ("Liminality"), an entity owned and controlled by John C. Robinson, refinanced the Credit Facility, and the Credit Facility was assigned by WAR, Sr. to Liminality (the "Assignment"). H&K represented Liminality in connection with the Assignment. The available credit under the Credit Facility was subsequently increased by Liminality to $400,000. In connection with the Assignment and the increase in credit capacity, H&K represented Liminality and, at all times, Bentoli was represented by Berger Singerman.

Pursuant to the Credit Facility, Bentoli, among other things, agreed to reimburse WAR, Sr. and Liminality for any fees and expenses paid to Waller and/or H&K.

In some instances, Waller and/or H&K may have been paid directly by WAR, Sr., JCR or Liminality. In other instances, Waller and/or H&K may been paid by Bentoli, Inc., from funds earmarked by WAR, Sr., JCR or Liminality for the purpose of paying Waller and/or H&K. In all instances, the amounts received by Waller and/or H&K were considered advances under the Credit Facility.

Payments to Nassim Hill Properties LP ("Nassim"): Nassim is an entity that is owned or controlled by John C. Robinson. Nassim owned the property in Elgin, Texas that was previously leased to Bentoli and served as its headquarters. When Bentoli vacated the premises in 2022, it abandoned any and all equipment and inventory that were left on the premises.

8

**Statement 7**. Information provided in Statement 7 includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial or other adjudicative forum. In the Debtor's attempt to provide full disclosure, to the extent a legal dispute or administrative proceeding is not formally recognized by an administrative, judicial or other adjudicative forum due to certain procedural conditions that counterparties have yet to satisfy, the Debtor has identified  such matters on Schedule E/F, Part 2 for the Debtor. Additionally, any information contained in Statement 7 shall not be a binding representation of the Debtor's liabilities with respect to any of the suits and proceedings identified therein.

**Statement 10**. The Debtor may occasionally incur losses for a variety of reasons, including theft and  property damage. The Debtor, however, may not have records of all such losses as to the extent such losses do not have a material impact on the Debtor's business or are not reported for insurance purposes.

**Statement 13.**

In 2022, under the leadership of Maresma, the Debtor dismantled the production capabilities within its Elgin facility, selling off process equipment and subsequently abandoning all remaining equipment and improvements. The Debtor then relocated to a storefront retail office with a small storage warehouse in Coupland, Texas.

A variety of equipment, including storage siloes, reactors, spray driers, powder shifters, office furniture, chillers, refrigeration equipment and furnaces, was sold and/or abandoned by the Debtor over this period. The Debtor's former landlord, Nassim Hill Properties, LP, paid approximately $50,000 to have the abandoned equipment scrapped, abandoned chemicals safely disposed of, and the facility cleaned for future tenants.
.

9