IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **Bentoli, Inc.** | § | |
| | § | Case No. 23-10827 |
| | § | SubChapter V |
| Debtor | § | |

### DEBTOR'S MOTION TO MAINTAIN AND <u>USE PREPETITION BANK ACCOUNT</u>

*************************************************************************

**DEBTOR HAS REQUESTED EMERGENCY CONSIDERATION OF THIS MOTION AND HAS REQUESTED THAT A "FIRST DAY" HEARING BE HELD ON THIS MOTION AT THE COURT'S EARLIEST CONVENIENCE. IF THE COURT IN FACT SETS THIS MOTION FOR AN EXPEDITED "FIRST DAY" HEARING, THEN ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS**

*************************************************************************

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Bentoli, Inc., the debtor and debtor in possession (the "Debtor" or "Bentoli") in the above-captioned Chapter 11 case (the "Case") submits this Motion to Maintain and Use Prepetition Bank Account (the "Motion") and represents as follows:

### SUMMARY OF REQUESTED RELIEF

1. Debtor primarily operates using its bank account at Independent Bank ("Independent Bank"). The Debtor has had this account with Independent Bank since November 6, 2017. The Independent Bank account is the only account used by customers to transfer funds to the Debtor. Many of the customers are foreign companies and have substantial difficulty changing accounts due to local currency and exchange controls in their countries. There would be many disruptions to the Debtor's ability to obtain payments from customers if it were required to change bank accounts.

1

2. Additionally, Liminality Ventures, LLC[1] ("Lender") is the principal secured lender of the Debtor and has a Deposit Account Control Agreement ("DACA") in place with Independent Bank as partial security for its financing. The DACA ensures that Lender has a duly perfected security interest under applicable non-bankruptcy law and this is an important element of his willingness to provide for the use of cash collateral and debtor in possession financing[2]. For these reasons, Debor is requesting the Court authorize it to maintain the Independent Bank account during the bankruptcy.

## I. PROCEDURAL BACKGROUND

3. On October 1, 2023 (the "Petition Date"), Debtor filed a voluntary petition for relief under SubChapter V of Title 11 of the United States Code, 11 U.S.C. §§ 101–1330 (as amended, the "Code"). Debtor continues to manage and operate its financial affairs as debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No creditors' committee has yet been appointed in this case by the United States Trustee. No trustee or examiner has been requested or appointed.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(1), (b)(2)(A) and (M). Venue is proper before this Court pursuant to 28 U.S.C. § 1408(1) because the Debtor's place of business has been located in this district for more than 180 days preceding the filing of this bankruptcy case.

---

[1] Lender is an entity controlled by J. Robinson (defined below).
[2] Contemporaneously with the filing of this Motion, Debtor has filed its *Motion for Interim and Final Orders (A) Authorizing Debtor to (I) Obtain Debtor in Possession Financing, and (II) Use Cash Collateral; and (B) Determining Adequate Protection and Superpriority Claims and Liens.*

## III. FACTUAL BACKGROUND

### A. General

5. The Debtor is a specialty livestock feed additive manufacturer and supplier founded over forty years ago by William A. Robinson, Sr. ("**Robinson Sr.**"). Bentoli is 97% owned by Robinson Sr. and his wife. Bentoli is currently headquartered in Coupland, Texas and previously leased a manufacturing facility in Elgin, Texas.

6. Additional background to the Debtor's business and this bankruptcy filing can be found in the *Declaration of John Robinson in Support of Debtor's Chapter 11 Petition and First Day Relief* (the "Declaration") (Doc. No. 2), filed contemporaneously with this Motion.

### B. Bank Accounts

7. The prepetition bank account Debtor wishes to maintain is account number *****9965 at Independent Bank, which is located at located at 7777 Henne Way, McKinney, Texas 75070. Debtor regularly receives payments from all its customers, including its foreign customers, at Independent Bank. The foreign customers would have substantial difficulty changing accounts due to local currency and exchange controls in their countries likely causing long delays in payments to Debtor. In addition to regularly receiving payments from purchasers through its account at Independent Bank, Debtor wishes to maintain the account to preserve the DACA currently in place with Debtor's secured lender and Independent Bank. Obtaining a new DACA between the Lender, Debtor, and a new bank would be overly complex, costly, burdensome and ultimately harmful to Debtor's estate.

8. Understanding the United States' recent concerns regarding bank solvency, Debtor contends maintaining funds at Independent Bank is a very low risk to the estate. First, Independent Bank is FDIC insured. Debtor does not anticipate having more than $250,000 in this bank account at any time during the bankruptcy. Second, Independent Bank is a very solvent bank with almost

$19 billion in assets and $3 billion in liquid deposits and securities. Debtor contends the nominal risk in maintaining its account with First Independent Bank is far outweighed by the potential damage to the estate in moving the account.

## IV. RELIEF REQUESTED

9. Due to the potential operational hardship that could befall the Debtor's estate and difficulty and expense in establishing a DACA agreement at a new institution if it is not allowed to maintain the current bank account, Debtor requests that it be allowed to maintain the aforementioned prepetition bank account.

WHEREFORE, Debtor respectfully requests that Debtor be permitted to maintain the above stated bank account throughout its bankruptcy case. Finally, the Debtor requests that it receive any relief to which it may be justly entitled to.

Dated: October 2, 2023

Respectfully Submitted,

THE SMEBERG LAW FIRM, PLLC

By: /s/ *Ronald J. Smeberg*

RONALD J. SMEBERG
State Bar No. 24033967
THE SMEBERG LAW FIRM, PLLC
4 Imperial Oaks
San Antonio, TX 78248
210-695-6684 (Tel)
210-598-7357 (Fax)
ron@smeberg.com
ATTORNEY FOR DEBTOR